UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY SCOTT MERITHEW,

        Petitioner,

v.

        Case No.  1:16-cv-909

PAUL KLEE,

        HON. ROBERT HOLMES BELL

        Respondent.

_____/

## OPINION

    This is a habeas corpus petition brought by a state prisoner under 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Ray Kent, who issued a Report and Recommendation ("R&R") on September 21, 2016, recommending that this Court deny the petition because it is barred by the one-year statute of limitations.  (ECF No. 2.)  The matter is before the Court on Petitioner's objections to the R&R.  (ECF No. 3.)

    This Court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made, and may accept, reject, or modify any or all of the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

Petitioner objects to the Magistrate Judge's conclusion that his petition is time-barred because he can demonstrate actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995). Petitioner argues that he is excused from the statute of limitations under the miscarriage-of-justice exception.  Petitioner claims that he has new evidence that proves his innocence.

## I.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The statute of limitations tolls when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  Where a petitioner has failed to properly

pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A).

A plea of actual innocence, under the fundamental miscarriage-of-justice exception, can overcome AEDPA's statute-of-limitations bar. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1926 (2013). "Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup v. Delo*, 513 U.S. 298 (1995) and *House v. Bell*, 547 U.S. 518 (2006), or expiration of the AEDPA statute of limitations[.]" *Id.* The Supreme Court has applied *Schlup*'s "demanding" actual-innocence standard to determine whether a petitioner is entitled to this gateway. *Id.* at 1936. *Schlup* requires a petitioner to present newly-discovered "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 133 S. Ct. at 1936 (quoting *Schlup*, 513 U.S. at 316). In other words, a petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [Petitioner].'" *Id.* at 1935 (quoting *Schlup*, 513 U.S. at 329). When determining whether actual innocence has been reliably shown, a court may consider a petitioner's unjustifiable delay in filing his petition. *Id.* at 1928.

## II.

Petitioner was sentenced on June 17, 2013. He did not file a direct appeal to the Michigan Court of Appeals or the Michigan Supreme Court. Because Petitioner failed to

3

properly pursue an avenue of appellate review, the statute of limitations began to run at the expiration of time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).  Petitioner had six months, or until December 17, 2013, to file a delayed application for leave to appeal to the Michigan Court of Appeals.  *See* Mich. Ct. R. 7.205(G)(3).  Thus, Petitioner had one year from that date, or until December 17, 2014, to file his federal habeas petition.  But he did not file his § 2254 petition until July 19, 2016.

Petitioner objects to the Magistrate Judge's conclusion that Petitioner did not claim that he is actually innocent and did not present new evidence satisfying the rigorous *Schlup* standard.  Petitioner argues that he has new evidence proving his innocence.  In his objection, Petitioner cites a partner study, published in July 2016, which found that a person on antiretroviral therapy with an undetectable viral load of HIV is non-infectious.  Petitioner argues that laws like Mich. Comp. Laws 333.5210, sexual penetration of an uninformed partner while having HIV or AIDS, have not caught up with advancements in HIV treatment and prevention.  He further contends that the Michigan legislature's intent behind Mich. Comp. Laws 333.5210 was to prevent the sexual transmission of HIV, and based on advancements in treatment, the law is now overbroad.

But this evidence does not show that Petitioner is actually innocent.  He has presented no evidence to refute the fact that he engaged in sexual penetration of an uninformed partner while having HIV, much less that no reasonable jury would have convicted him.  Petitioner has not satisfied the *Schlup* standard for actual innocence; therefore, his petition is barred by

4

the statute of limitations.[1]

The R&R accurately recites the facts and correctly applies pertinent law.  The Court agrees with and adopts the Magistrate Judge's analysis.  With regard to the sections of the R&R not specifically objected to, the Court has reviewed the matters and concludes that the R&R correctly analyzes the issues and makes a sound recommendation.

A judgment and order will enter consistent with this opinion.


Dated: <u>November 28, 2016</u>                    <u>/s/ Robert Holmes Bell           </u>
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE

---

[1] Petitioner does not argue that he is entitled to equitable tolling nor does he dispute the Magistrate Judge's statute-of-limitations calculation.  He concedes that his petition is time-barred.

5